ELIZABETH A. FRANCIS, Appellee, v. EDWARD H. LITCHFIELD, Executor, Appellant.

Mortgages: PRIORITY OF LIENS: WAIVER: AGENCY.

*Appeal from Webster District Court.*—HON. JOHN L. STEVENS, Judge.

TUESDAY, FEBRUARY 3, 1891.

THIS is an action in equity, and involves the question whether a certain mortgage held and owned by the plaintiff is the superior lien to a mortgage held by the defendant. The mortgages are upon certain land in Webster county. There was a full hearing on the merits, and a decree for the plaintiff. The defendant appeals.—*Affirmed.*

*A. E. Clarke* and *Gatch, Conner & Weaver,* for appellant.

*Dolliver & Moore,* for appellee.

ROTHROCK, J.—It appears from the evidence that on February 29, 1872, the land was owned by Edwin C. Litchfield, a resident of Brooklyn, in the state of New York, and on that day he entered into a written contract with A. H. Anderson by which he agreed to convey the land to Anderson, who agreed to pay therefor the sum of nine hundred and sixty dollars, in six equal installments, payable annually. It was provided in the contract that when one-fourth of the principal debt, with all accrued interest, was paid, a warranty deed for the land was to be made by Litchfield, and Anderson was to make a mortgage to Litchfield to secure the payment of the unpaid purchase money. On June 1, 1878, Anderson executed a mortgage on the land in question, and on another tract of land to Elizabeth C. Francis, the plaintiff in this suit. This mortgage was to secure the payment of eight hundred dollars which Anderson borrowed of the plaintiff, and the mortgage was filed for record on June 15, 1878. Three days after this mortgage was filed for record said Edwin C. Litchfield executed a deed to Anderson for the land, which deed contained covenants of general warranty, except as to taxes on the land. On August 15, 1878, Anderson executed a mortgage upon the land to Litchfield to secure the balance of the purchase money, which, at that time, amounted to eight hundre1 and thirty-five dollars and sixty-one cents, and for which Anderson executed his promissory notes by which the time of payment was extended somewhat from what it was in the original contract. There is no reference made in the last-named mortgage and deed to the prior mortgage made by Anderson to plaintiff, and the mortgage from Anderson to Litchfield included not only the eighty-acre tract originally purchased, but also the additional tract, which was included in the plaintiff's mortgage. This additional tract consisted of fifty acres.

It will be observed that the mortgage of the plaintiff is prior in point of time, and if, at the time it was executed, delivered and filed for record, Anderson had been invested with the title to the land, it would be the prior lien on the face of the record. But when the Anderson mortgage was made the title to the land was in Litchfield, and, by his contract with Anderson, he was entitled to have a purchase money mortgage when he made the conveyance. It is claimed, however, that the plaintiff is entitled to priority by reason of a parol contract made by the authorized agents of Litchfield with Anderson, by which Litchfield waived his right to a first mortgage in the event that Anderson could procure a loan from the plaintiff, and pay part of the money borrowed of the plaintiff on the contract for the land. The rights of the parties turn upon the question of fact, whether a valid parol contract was made as claimed. It appears from the evidence that Litchfield was the owner of a large quantity of wild land. John Brown, who resided in the city of Des Moines, was his general agent for the sale of his lands, and to collect payments thereon, and transact business generally in connection therewith. An office was kept and maintained at the city of Fort Dodge. One Lammay was the local agent in charge of this office, and of the lands of Litchfield

in that vicinity. He was required to act under the direction of Brown. The evidence shows beyond all question that Lammay made just such an arrangement with Anderson as is claimed by the plaintiff, and that it was closed up and consummated after full consultation, and with the consent of Brown.

It is claimed that neither Brown nor Lammay had any authority from Litchfield to make the alleged parol contract. We do not think this position is well taken. Both Litchfield and Brown died before the cause was tried in the court below. Brown was required to report the various transactions done in Litchfield's behalf to him, and it is to be presumed that he reported that he had agreed to a change in the contract and to take a second mortgage for the balance of the purchase money. In fact the parol contract entirely changed the relation of the parties. Litchfield was enabled thereby to secure a mortgage upon fifty acres of land in addition to that embraced in the original contract; and he was also enabled by the new contract to collect part of his purchase money. He took the mortgage and extended the time of payment. He was thus brought into actual personal contact with the fact that a new contract had been made, and his representatives ought not to ask it to be presumed that he did not know or did not approve of the acts of his agents.

The contract by which Litchfield bound himself to convey the land to Anderson provided that Anderson should not at any time, until the full payment of the purchase price of the land, assign or transfer his interest in the land, or any part of it, without the consent of Litchfield first had, in writing. It is insisted that evidence of an oral contract authorizing Anderson to mortgage the land is incompetent, because it contradicts the written agreement. But, as we have seen, an oral agreement was made which created a new contract, different in its terms and conditions, and this provision of the old contract, with others, was waived, and superseded by the new agreement, and upon sufficient consideration.

We are united in the conclusion that the decree of the district court should be AFFIRMED.